[Crim. No. 3785. Fourth Dist., Div. One. Feb. 11, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ESPINOZA RODRIGUEZ, Defendant and Appellant.

## COUNSEL

David S. Folsom, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles B. McKesson, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Robert Espinoza Rodriguez pleaded guilty to possessing narcotics (Health & Saf. Code, § 11500). At his probation hearing he asked to be committed to the Director of Correcitons for confinement in the narcotics detention, treatment and rehabilitation facility as a narcotic addict under Welfare and Institutions Code section 3051. The court considered Rodriguez's record and probation report, ruled he was not a fit subject for commitment under section 3051 and denied his request.

Rodriguez's sole contention on appeal is the court abused its discretion by denying his request.

Welfare and Institutions Code section 3051 provides for commitment where a convicted felon is addicted (Rodriguez is concededly addicted) "unless, in the opinion of the judge, the defendant's record and probation

report indicate such a pattern of criminality that he does not constitute a fit subject for commitment. . . ."

Rodriguez argues the "pattern of criminality" referred to in section 3051 must be a criminality separate and apart from his addiction. He thus argues the arrests and convictions reflected in his probation report all relate to narcotics crimes and may not be considered because they are directly related to his addiction.

Rodriguez's probation report shows numerous arrests and convictions for possessing, selling and smuggling narcotics. Rodriguez also told the probation officer he stole to support his habit. Whether an addicted felon's criminal record makes him a fit subject for commitment under section 3051 is a matter directed to the discretion of the court. (*People* v. *Williams,* 235 Cal.App.2d 389, 403 [45 Cal.Rptr. 427].) Narcotics oriented criminality may be considered by the court as well as other crimes. Whether the criminal pattern involved is such there is a reasonable likelihood a cure of the defendant's addiction would cure his criminality is a question directed to the trial court's discretion. We find no abuse of discretion where Rodriguez's pattern of criminality involved sale of narcotics to others, smuggling and possessing narcotics, and where he admitted he would steal to support his habit.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied April 9, 1970.