[Crim. Nos. 4255, 4256. Fourth Dist., Div. One. Jan. 20, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY DAVID MEZA, Defendant and Appellant.

---

**COUNSEL**

Steven N. Schwartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**WHELAN, J.**—Roy David Meza (defendant) in each of two cases appeals from a judgment of commitment to state prison.

Appeal #4255 is from a judgment entered on October 10, 1969, following defendant's plea of guilty of possession of heroin (Health & Saf. Code, § 11500).

Appeal #4256 is from a judgment imposing a concurrent sentence entered January 27, 1970, for the crime of driving under the influence of a narcotic drug, committed October 1, 1963.

Defendant had pleaded guilty to the latter charge; criminal proceedings had been suspended and proceedings had under Welfare and Institutions Code section 3051 which resulted in defendant's commitment on January 15, 1964, to California Rehabilitation Center (CRC) for treatment for narcotic addiction.

That commitment was for seven years. Defendant was on parole from CRC when he was found in possession of the heroin for which he was sentenced on October 10, 1969.

At the time defendant was sentenced on October 10, 1969, the court considered defense counsel's request to suspend the criminal proceedings for another proceeding under Welfare and Institutions Code section 3051. At that time the court had before it a probation report that showed defendant as a juvenile had been placed on probation for possession of marijuana; in January 1962, while in his 22d year, he had been committed to CRC for the first time following a conviction of being under the influence of a drug; he was paroled on November 20, 1962; the second CRC commitment followed in January 1963, from which he was first paroled on February 2, 1965; he was returned to CRC on June 20, 1967, because of possessing marijuana, paroled on April 24, 1968; he had been arrested on April 16, 1969, on charges of petty theft and defrauding an innkeeper; when a search by the officers was under way they found in one of defendant's pockets a bottle of tuinal capsules; before the search was completed defendant broke away from the officers and ran; he was retaken into custody after a chase; while the officers were attempting to place handcuffs on him defendant took a package from inside one of his socks, in an apparent attempt to rid himself of it, which contained seven bindles of heroin; he was taken to the Escondido city jail for booking and in the process escaped; he was apprehended later and placed in the county jail; since the information charging the April 16, 1969, offense was not filed until September 8, 1969, and the probation report showed a booking date of August 5, 1969, it is possible defendant was at large for some time.

The probation officer expressed the opinion that a CRC commitment would not be appropriate because of defendant's high escape potential.

Following the imposition of sentence on October 10, 1969, and because of it, the superintendent of CRC, on December 11, 1969, rejected defendant from the CRC program and returned him to the superior court for proceedings under Welfare and Institutions Code section 3053. The judgment of January 27, 1970, imposing sentence for the 1963 offense, followed.

Defendant states his contentions as follows: "1. The October 10, 1969, sentence should be vacated because the trial court abused its discretion by not certifying the appellant to C.R.C. for examination. 2. The October 10, 1969, sentence should be vacated because section 3051 of the Welfare and Institutions Code is invalid as violative of the Fourteenth Amendment's equal protection clause. 3. Superintendent Wood's determination on December 11, 1969, that appellant Meza was not a fit subject for treatment in the Civil Addict Program was an abuse of discretion. 4. The January 27, 1970, sentence imposed for appellant Meza's violation of Vehicle Code section 23105 was invalid."

The third and fourth contentions are conditioned upon the soundness of the first and second.

█   The claimed abuse of discretion is in the court's implied opinion defendant's record and probation report indicated such a pattern of criminality that he did not constitute a fit subject for treatment under Welfare and Institutions Code section 3051. (See *In re Nunez*, 62 Cal.2d 234, 235-236 [42 Cal.Rptr. 6, 397 P.2d 998].)

Defendant's theory is that only the experts at CRC are able to say whether a person is a fit subject for treatment under the narcotics rehabilitation program, citing a case in which it was stated that where the superintendent of CRC has, within the discretion vested in him and after the minimum period following receipt of a person, found such person is not a fit subject for treatment, the committing court is not competent to overrule that decision. The case cited (*People* v. *Marquez*, 245 Cal.App.2d 253 [53 Cal.Rptr. 854]) points out, however, that the court has a duty prior to adjourning the criminal proceedings to form an opinion whether there is a pattern of criminality that makes the defendant not a fit subject for treatment. In arriving at such an opinion the court must have exercised a sound discretion.

Repeated violations of the narcotics laws are not irrelevant in the defendant's pattern of criminality. (*People* v. *Rodriguez*, 4 Cal.App.3d 361, 363 [84 Cal.Rptr. 359].)

Also relevant was the fact that defendant had in 1969 twice escaped from custody. That he did not while in CRC attempt to escape does not make the two escapes irrelevant, nor does the fact that he was not charged with any crime in connection with those escapes.

In *People* v. *Superior Court,* 2 Cal.3d 527, 532-533 [86 Cal.Rptr. 83, 468 P.2d 211], the Supreme Court quoted the following: " 'The concept of "fitness for commitment" [Welf. & Inst. Code, § 3051] flows from the nature of the program itself and the conditions under which it must operate to maximize its chances of success. It must retain its nonpenal character, and those who are receiving treatment must be able to function effectively in a minimum security setting, cooperate with fellow-patients and counselors in group therapy and work programs, and assume a certain degree of responsibility and self-reliance. Not all criminal defendants, unfortunately, exhibit these qualities.' (Belton, *Civil Commitment of Narcotics Addicts in California: A Case History of Statutory Construction,* 19 Hastings L.J. 603, 632-633. . . ."

The court elsewhere approved the reasons given by the superintendent of CRC for his opinion a defendant would not be accepted for treatment at CRC. Among the reasons was that the defendant while serving a county jail sentence had escaped. (*In re Rascon,* 64 Cal.2d 523, 528 [50 Cal. Rptr. 790, 413 P.2d 678], cert. den. 387 U.S. 934 [18 L.Ed.2d 995, 87 S.Ct. 2057].) Escape from jail was one of the matters considered relevant in *People* v. *Zapata,* 220 Cal.App.2d 903, 912 [34 Cal.Rptr. 171].

We find that there was no abuse of discretion in the decision of the trial court not to adjourn the criminal proceedings.

■ The claim of a denial of equal protection of the laws is based upon a distinction made in the statute between the duty of a judge of the municipal court or justice court to whom it appears that a convicted defendant may be addicted or in imminent danger of becoming so, and a judge of the superior court to whom it appears that a convicted defendant may be addicted or in imminent danger of becoming so. In the first instance, the judge "shall adjourn the proceedings"; in the second instance the judge shall adjourn the proceedings "unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section." (Welf. & Inst. Code, § 3051.)

Welfare and Institutions Code section 3052 makes a further distinction among persons convicted of felonies, based upon the character of the felony.

*People* v. *Marquez, supra,* 245 Cal.App.2d 253, 257, notes that a defendant has no absolute right to treatment under the program.

A sufficient basis for the distinction might have been found in vesting a greater discretion in a superior court judge than that with which a judge of the municipal or justice court is invested were it not true that the superior court judge has no greater discretion in the case of a misdemeanant than has the lower court that certified such person to the superior court.

Distinctions between persons convicted of felonies and those convicted of lesser crimes are found in the character of punishment that may be meted out under the appropriate statutes. (*In re Herrera,* 23 Cal.2d 206, 213 [143 P.2d 345].)

While the narcotics rehabilitation program is not penal, the fact it must be carried out in a minimum security setting naturally suggests the desirability of an appraisal whether persons convicted of several felonies are fit subjects for treatment in such a setting.

"[T]he power of the Legislature to classify carries with it a wide discretion. 'The authority and the duty to ascertain the facts which will justify classified legislation must of necessity rest with the legislature, in the first instance, to whom has been given the power to legislate and not to the courts and the decision of the legislature in that behalf is ordinarily conclusive upon the courts. Every presumption is in favor of the validity of the legislative act and the legislative classification will not therefore be disturbed unless it is palpably arbitrary in its nature and neither founded upon nor supported by reason.'" (*In re Herrera,* 23 Cal.2d 206, 212 [143 P.2d 345].)

We find that there is a reasonable and constitutional basis for the distinction between those who have been convicted of felonies and those who have been convicted of misdemeanors; and that defendant has not by reason of the distinction been deprived of his right under the Fourteenth Amendment to the federal Constitution to the equal protection of the laws.

Upon that basis the judgment of October 10, 1969, from which the appeal was taken in Criminal No. 4255, should be affirmed.

Since no contention is made in Criminal No. 4256 that any grounds for reversal exist other than the claimed antecedent error in the judgment

of October 10, 1969, the judgment of January 27, 1970, also should be affirmed.

In Criminal #4255 the judgment is affirmed.

In Criminal #4256 the judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.