[Crim. No. 20642. Second Dist., Div. One. May 17, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY K. OMORI, Defendant and Appellant.

■

■
■

**COUNSEL**

Takasugi, Kataoka & Moret and Robert M. Takasugi for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, William R. Pounders and Bernardine M. Baldwin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—The trial court found defendant guilty of possession of restricted dangerous drugs (§ 11910, Health & Saf. Code); he appeals from the judgment and order denying motion under section 1538.5, Penal Code.

Defendant's brother, Kazuhiko, found defendant in his home with 31 capsules of secobarbital in his hand; he took him to the office of a doctor who was not in, then on the nurse's advice, to White Memorial Hospital but before doing so went to the police station "to find out exactly what he should do with it. I wanted to talk to the narcotics agents down there"; police arrived and told him defendant was under the influence of narcotics; he turned the capsules he had taken from defendant over to Officer Rafter.

■ In an extensive exposition of statutory and case law relating to drug addiction and violations, the role of police in criminal drug activity and civil commitment and the courts' increasing concern with addiction and the protection and treatment of addicts, appellant, who admits he is a drug addict, claims he was prejudiced by the failure of the California Legislature to protect a drug addict who has possession of the object of his habituation from criminal sanctions. Relying principally on *Robinson v. California*, 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417], he asserts that section 11910, Health and Safety Code,[1] is unconstitutionally applied

---

[1]Section 11910, Health and Safety Code, reads in pertinent part: ". . . every

here. Reduced to less sophisticated terms, appellant simply says that since he is a drug addict and addiction has been recognized as an illness, thus as a protected status by the United States Supreme Court in *Robinson,* he should be entitled to immunity from criminal prosecution if found in possession of illicit drugs.

First, appellant contends that his criminal conviction of a violation of section 11910 subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution because his possession of 31 secobarbital capsules was an inseparable element of his addict status. His rationale for an extension of the *Robinson* doctrine is that because he is a drug addict and the quantity in his possession was not large enough to indicate anything other than for his own consumption, by imprisoning him for possession he is being punished indirectly for his addiction because the "acts of addicts" such as use or possession which the addict is unable to control are inseparable therefrom and should not be punishable.

Legally appellant's claim is without merit for he was convicted not because of his status as an addict or because of his condition of addiction, but for his criminal act, i.e., possession of a restricted dangerous drug in violation of a criminal statute (§ 11910). While the Unted States Supreme Court in *Robinson* struck down a California statute making addiction to narcotics a criminal offense on the ground it inflicted a cruel and inhuman punishment in violation of the Eighth and Fourteenth Amendments, it placed no restriction on the right of the states to regulate the narcotics drug traffic within their borders, impose criminal sanctions for the unauthorized manufacture, prescription, sale, purchase or possession of narcotics or establish a program of compulsory treatment for those addicted. In dictum appearing at page 664 [8 L.Ed.2d at page 761], the court said: "The broad power of a State to regulate the narcotic drugs traffic within its borders is not here in issue. More than forty years ago, in [*Minnesota* ex rel.] *Whipple* v. *Martinson,* 256 U.S. 41, this Court explicitly recognized the validity of that power: 'There can be no question of the authority of the State in the exercise of its police power to regulate the administration, sale, prescription and use of dangerous and habit-forming drugs . . . . The right to exercise this power is so manifest in the interest of the public health and welfare, that it is unnecessary

person who possesses any restricted dangerous drug, except upon the prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison for a period of not less than one year nor more than 10 years."

to enter upon a discussion of it beyond saying that it is too firmly established to be successfully called in question.' 256 U.S., at 45.

"Such regulation, it can be assumed, could take a variety of valid forms. A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders." *Robinson* does not say that the constitutional prohibition against cruel and unusual punishment precludes the state from punishing one who unlawfully possesses narcotics even though such possession is induced by addiction; nor does it distinguish between volitional and nonvolitional possession. We are not willing to extend the *Robinson* doctrine to embrace compulsive addiction—induced activity such as use, possession or purchase of narcotics, clearly criminal in nature.

The same contention made by appellant here was made in *People* v. *Zapata,* 220 Cal.App.2d 903, 905-907 [34 Cal.Rptr. 171], by Zapata, a heroin addict convicted of possession of heroin in violation of section 11500, Health and Safety Code, and rejected by the court therein. After a lengthy discussion of *Robinson* the court held that the constitutional ban on cruel and unusual punishment does not preclude imposition of criminal sanctions against addiction-induced possession of heroin by an addict. The court in *Zapata* also held that "The choice between medical and penal approaches must remain primarily in legislative hands." (220 Cal.App.2d at pp. 906-907.) This is dispositive too of appellant's claim that the civil commitment statutes for drug addiction fail to protect the addict who possesses drugs, and that section 11910, Health and Safety Code, fails to distinguish between the nonaddict who possesses drugs for self-consumption or sale, and the addict who has lost control and possesses drugs for his habituation.

Statutes punishing the use or possession of a narcotic have been upheld as constitutional even though the person violating the same has been a narcotics addict. (*In re Carlson,* 64 Cal.2d 70, 72 [48 Cal.Rptr. 875, 410 P.2d 379]; *People* v. *Tharp,* 272 Cal.App.2d 268, 274-275 [78 Cal. Rptr. 412] (marijuana); *People* v. *Bowens,* 229 Cal.App.2d 590, 601 [40 Cal.Rptr. 435] (heroin); *People* v. *Morrow,* 268 Cal.App.2d 939, 947-948 [74 Cal.Rptr. 551] (alcohol); *In re Spinks,* 253 Cal.App.2d 748, 751 [61 Cal.Rptr. 743] (alcohol).)

Appellant submits that he was denied equal protection of the law because section 11910 makes no distinction between the addict, or the addict who surrenders himself or is surrendered by his family, and has drugs (the object of his habituation) in his possession and the nonaddict who possesses drugs; that subjecting him along with the nonaddict to criminal sanctions

under section 11910 deprived him of due process of law because he was not provided with a means of establishing himself as an addict eligible for civil commitment; and that the state is bound to use the less onerous alternative of civil commitment rather than criminal prosecution for achieving the purpose of the statute under which he was convicted (deterrence of illegal trafficking in dangerous drugs). In *People* v. *Zapata,* 220 Cal.App.2d 903 [34 Cal.Rptr. 171], appellant claimed he was denied equal protection of the law by the court's refusal of hospital commitment for his addiction. The court criticized appellant's "technique of clothing his assignments of error in constitutional disguise by prefacing them with a reference to due process or equal protection" and said his "claim amounts only to an assertion that the trial court abused its statutory discretion in denying his request for adjournment of the criminal proceedings and institution of proceedings for commitment to a rehabilitation facility. On the other hand, if this claim has constitutional pretensions, it is nothing more than a repetition of the attempt to get behind the shield of the *Robinson* case, an attempt which we have already rejected." (Pp. 911-912.)

In effect, appellant's contention that his criminal conviction deprived him of equal protection of the law and due process amounts to no more than a reiteration of the proposition upon which his first claim is predicated—that as an addict he should be immune from criminal prosecution. Again we refer to the right of the State of California to control the illicit drug traffic in furtherance of its duty to protect the public welfare. (*Robinson* v. *California,* 370 U.S. at p. 664 [8 L.Ed.2d at p. 761].) Of course nonaddicts are the main dealers in the profitable business of dispensing illicit drugs but it cannot be denied that without their 'main consumer, the addict and his craving for the drug of his habituation and his illegal activities to obtain and possess it for his use, the illicit drug traffic would all but disappear. The object to be accomplished by section 11910, Health and Safety Code, is the deterrence of unlawful possession of restricted dangerous drugs. The Legislature in classifying all possessors of illicit drugs as subject to criminal sanctions set up in section 11910, Health and Safety Code, comports with the requirement that a statute have "a substantial relation to a legitimate object to be accomplished." (*Board of Education* v. *Watson,* 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481]; *Whittaker* v. *Superior Court,* 68 Cal.2d 357, 367 [66 Cal.Rptr. 710, 438 P.2d 358]; *People* v. *Harris,* 17 Cal.App.3d 388, 392-393 [95 Cal.Rptr. 80].) To exempt the addict who possesses the object of his habituation from prosecution for the act of possession would appear to us to encourage the nonaddict toward addiction.

Appellant has been properly convicted in the criminal court for his act of possessing illicit dangerous drugs and not for his status as an addict.

Contrary to appellant's assertion that he was not provided with a means to establish himself as an addict eligible for a civil commitment, the California Legislature has provided adequate civil commitment procedures following a criminal conviction (§§ 3050, 3051, Welf. & Inst. Code); commitment is a discretionary matter with the trial judge. (*People* v. *Meza,* 14 Cal.App.3d 553, 557-558 [92 Cal.Rptr. 423].) In his argument that the state is bound to use the least onerous alternative for achieving the purpose of the statute under which he was convicted, he again simply proposes that this court hold that he as an addict is exempt from criminal prosecution under section 11910. Without an expansion of the *Robinson* doctrine, which this court is unwilling to indulge, there is no statutory or judicial precedent for a grant of immunity from prosecution to an addict under section 11910, Health and Safety Code.

The judgment is affirmed.

Thompson, J., and Clark, J., concurred.