[Crim. No. 4676. Fourth Dist., Div. One. June 8, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGER FRANK LEONARD, Defendant and Appellant.

**COUNSEL**

J. David Franklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Alexander B. McDonald and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—Contending he was erroneously denied a hearing to determine whether he was a narcotic addict, or in imminent danger of becoming one, pursuant to Welfare and Institutions Code section 3051, defendant Roger Frank Leonard appeals from an order granting probation for three years on condition, among others, he spend the first six months of his probation period in the custody of the sheriff.

An information filed on November 27, 1970, in the San Diego County Superior Court charged Leonard with two counts of burglary of a locked automobile (Pen. Code, § 459) and one count of attempted burglary of a locked automobile (Pen. Code, § § 664 and 459), all occurring in August of 1970. The information also charged a prior felony conviction in 1968.

Leonard originally pleaded not guilty to all three counts and denied the prior felony conviction but, on March 29, 1971, he entered a plea of guilty to the first count, accompanied by a stipulation the offense was second degree burglary. The other two counts in the information were dismissed in the furtherance of justice, and the hearing on his application for probation was set for April 19, 1971. On that date, after considering the report of the probation officer,[1] the trial judge struck the allegation of the prior felony conviction (possession of marijuana), suspended the criminal proceedings, and ordered proceedings instituted under Welfare and Institutions Code section 3051.[2] He ordered Leonard to be examined at the Community Mental Health Center on April 27, and set a hearing date in his department for April 30.[3]

---

[1] The probation report provided a substantial basis to believe Leonard was addicted to heroin and indicated he had engaged in the car burglaries charged in the information to obtain money to buy heroin to satisfy his habit. It was indicated he had successfully participated in the University Hospital Methadone Treatment Program for the six-month period after the commission of the last crime charged. The report showed he had made excellent progress and that frequent tests for heroin use had all proved negative.

[2] Unless otherwise indicated, all references to code sections are to the Welfare and Institutions Code.

[3] The hearing was set by minute order in the criminal case after the criminal proceedings had been suspended. The nature of the hearing to be held is not revealed.

Civil commitment proceedings were initiated on April 20, 1971 when the district attorney filed a petition under Welfare and Institutions Code section 3051.[4] In the civil proceeding, another judge signed an order conforming to the trial judge's previous order setting a medical examination for April 27 and the hearing for April 30 in the original criminal department.

Doctors Lengyel and Kerman examined Leonard as scheduled and on April 28 filed their written certificate in the civil proceeding, reporting Leonard was addicted to heroin, but recommending against sending him to the California Rehabilitation Center (C.R.C.) *because of his lack of motivation.* They also recommended against his continuance with the Methadone maintenance program for the same reason.

The hearing scheduled in the criminal department for April 30 was continued until May 3 at Leonard's request. On that date the probation officer filed a supplemental report relating the physicians' finding that Leonard was addicted to heroin and their recommendation against commitment to C.R.C. or continuance of Methadone maintenance because of his lack of motivation. Although Leonard did not waive his right to a hearing in the civil commitment proceeding and did not stipulate the reports of the two doctors could be received in evidence in lieu of their oral testimony (§ 3106), the trial judge read and considered the doctors' reports, and held no hearing as required by sections 3051, 3104, 3105, 3106, and 3107. The civil commitment proceedings were not terminated, and the criminal proceedings were not reinstituted. Without doing either, the judge simply suspended the imposition of sentence and placed Leonard on three years probation on condition, among others, that he spend six months in custody. From the transcript of the hearing, it is apparent the judge refused to consider commitment to C.R.C., not because "the defendant's record and probation report indicate[d] such a pattern of criminality that he [did] not constitute a fit subject for commitment" (§ 3051), but because he accepted the doctors' conclusions that Leonard, although addicted to heroin, was not properly motivated to benefit from the C.R.C. program.

### DISCUSSION

In one sense it is difficult to see how Leonard can benefit from this appeal. If, as he contends we should, this court reverses the order granting him probation and remands the case for proper consideration under the Welfare and Institutions Code sections providing for the commitment and

---

[4]The superior court civil commitment file (No. 42662) shows no disposition was ever made of the petition.

treatment of narcotic addicts (§ 3000 et seq.), he may still be required to answer the criminal charge to which he has pleaded guilty (see § 3200). Since he has already served the six-month custody requirement of the probation order, reversal may result in further deprivation of his freedom, either by commitment to C.R.C. or in the final disposition of the criminal charge. These possibilities were called to the attention of his counsel at oral argument.

In a larger sense, however, the appeal involves considerations which may be of ultimate benefit to the defendant. If he needs treatment for his addiction to narcotics, and qualifies for the rehabilitation program, he is entitled to its benefits. At the very least, he is entitled to a hearing in accordance with the statutory requirements and a determination of his eligibliity based upon proper considerations. In our view, he got neither in the trial court.

Whenever it appears to a judge of the superior court that the defendant who has been convicted of any crime is addicted to narcotics, or in imminent danger of becoming addicted, section 3051 *requires* the judge to adjourn the criminal proceedings and to order the district attorney to file a petition for his commitment to the Director of Corrections for confinement in the state narcotic detention, treatment and rehabilitation facility, *"unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section."* (Italics added.) Where the judge orders such proceedings instituted, the section requires him to appoint two physicians to examine the defendant to determine whether he is addicted to narcotics or in imminent danger of becoming addicted (see also § 3103.5),[5] and to report to the court. If the report of the physicians indicates the defendant is not addicted to narcotics, and is not in imminent danger of becoming addicted, the judge must dismiss the petition and return the defendant for further criminal proceedings. If, however, the reports indicate the defendant is either addicted to narcotics, or in imminent danger of becoming addicted, a hearing must be conducted in compliance with sections 3104, 3105, 3106, and 3107. If, after such hearing, the judge finds the defendant to be a narcotic addict, or in imminent danger of becoming a narcotic addict, " . . . he shall make an

---

[5]The sole function of the court-appointed physicians is to make that determination and report it to the court. The statute does not authorize them to consider or report on the defendant's attitude or the lack of motivation to participate in the narcotics rehabilitation program. As pointed out later in the body of this opinion, such matters may be appropriately considered by the Director of Corrections in deciding whether a committed defendant should be accepted or continued in the rehabilitation program.

order committing such person to the Director of Corrections . . . " for confinement in a state narcotic treatment facility.

██ In the instant case, civil commitment proceedings were instituted by the district attorney upon the court's order. At that time the court was aware of and had before it the defendant's complete criminal record and did not conclude his criminal record made him an unfit subject for the narcotic rehabilitation program. Despite the fact the physicians' reports indicated the defendant was addicted to narcotics, the required civil commitment hearing was not held, and the court proceeded with the criminal case. The statutory scheme does not permit the hybrid, off-again-on-again mixture of civil and criminal proceedings conducted here. Once the court has exercised its discretion to initiate narcotics commitment proceedings under section 3051, it is without jurisdiction to proceed in the criminal case until those proceedings have been properly terminated. (*People* v. *Gonzales,* 275 Cal.App.2d 741, 743 [80 Cal.Rptr. 324]; *People* v. *Davidson, ante,* pp. 79, 82 [101 Cal.Rptr. 494].) Since no hearing was ever held in the civil commitment proceedings, and since those proceedings were never properly terminated, the court was without jurisdiction to issue the probation order from which the defendant appeals.

██ We are also convinced the court may not refuse to commit a narcotics addict to the rehabilitation facility because of "lack of motivation." By section 3051 the Legislature has limited the trial court's authority to refuse to commit an addict, or one in imminent danger of becoming an addict, to a consideration of whether his record indicates such a pattern of criminality as to make him an unfit subject for commitment. Concurrence, cooperation and motivation, or the lack of them, are proper matters for the Director of Corrections to consider in determining whether a court-committed defendant should be accepted or continued in the narcotics rehabilitation program,[6] but they are not stated reasons for the court to reject the initial commitment of an otherwise eligible defendant to the program. As stated by the Supreme Court in the recent case of *People* v. *Navarro,* 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481]: "The entire statutory scheme manifests the Legislature's intent that a defendant's lack of desire for, or lack of cooperation with, the treatment program should not defeat his commitment. Commitment to this program is not consensual but involun-

---

[6]It is significant that section 3053, which permits the Director of Corrections to return a defendant, committed to the rehabilitation program, to the court for further proceedings in the criminal case, provides he may do so "for excessive criminality *or for other relevant reason.*" (Italics added.) The later phrase does not appear in section 3051 which defines the court's discretion with respect to the initial commitment.

tary, although by civil process." (P. 265.) Where the record establishes the defendant who has been convicted of any crime is addicted to narcotics, the trial judge must commit him to the narcotics detention, treatment and rehabilitation facility unless his conviction is of a crime listed in section 3052 (not applicable here), or unless the judge is of the opinion the defendant's criminal record indicates such a pattern of criminality he is not a fit subject for the program. The trial court not only failed to make the commitment required by the record before us, but denied the defendant the hearing which the statutes require.

The order granting probation is reversed; the superior court is directed to carry out civil narcotic commitment procedures in accordance with the appropriate provisions of the Welfare and Institutions Code and with the views expressed in this opinion.

Whelan, Acting P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.