*Supp. 34 Opinion
COLE, Acting P. J.
Welfare and Institutions Code section 3050 provides that when in a municipal or justice court, a defendant is convicted or a previously granted probation is revoked, and it appears to the judge that the defendant is or by reason of repeated use may be in imminent danger of becoming addicted to narcotics, the judge shall adjourn the proceedings and certify the defendant to the superior court for determination of the defendant’s status as an addict or likely addict. The principal question before us in these cases is whether this provision leaves any room for the exercise of discretion by the trial court to refuse to make the certification. We hold that a municipal or justice court has no discretion in these circumstances and must certify the defendant.
Facts
In three separate cases filed in 1973, 1974 and 1975, respectively, defendant was initially charged with using or being under the influence of a controlled substance in violation of Health and Safety Code section 11550.[1]
In each of these cases, by virtue of a plea bargain, defendant pleaded guilty to a violation of Business and Professions Code section 4144.[2] In each case defendant was placed on probation. In the third of the three cases a condition of probation was that defendant successfully complete a community narcotics rehabilitation program.
On September 29, 1975, a probation violation hearing was held in each of the three cases. Defendant was found to be in violation of probation in that he had left the community rehabilitation program and had not cooperated with it. Probation was revoked in each case and defendant was sentenced to imprisonment in the county jail. In each case the sentence was for 365 days, the first two sentences to be served consecutively. Execution of the third sentence was suspended and defendant was placed on summary probation for three years.
Cruel and Unusual Punishment
Defendant first contends that the sentence constitutes cruel and unusual punishment in that he is a drug addict. Principal reliance is *Supp. 35 placed on Robinson v. California (1962) 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]. That reliance is misplaced. Robinson held unconstitutional that portion of former Health and Safety Code section 11721 which made it a criminal offense to be an addict. Following the decision in Robinson, section 11721 (now Health & Saf. Code, § 11550) was amended to delete the reference to addiction as a crime (Stats. 1963, ch. 913, p. 2162). Even assuming we look to the original complaint charging violations of Health and Safety Code section 11550 and not to Business and Professions Code section 4144, defendant has not been convicted because of his status as an addict but rather because of conduct in using or being under the influence of a controlled substance. Accordingly, Robinson is inapplicable. (People v. Davis (1966) 240 Cal.App.2d 496, 500-501 [49 Cal.Rptr. 663]. See People v. Omori (1972) 25 Cal.App.3d 616, 619 [102 Cal.Rptr. 64]; People v. Lizarraga (1974) 43 Cal.App.3d 815, 821 [118 Cal.Rptr. 208]; People v. Bowens (1964) 229 Cal.App.2d 590, 601 [40 Cal.Rptr. 435]. See, also, Powell v. Texas (1968) 392 U.S. 514 [20 L.Ed.2d 1254, 88 S.Ct. 2145] (plurality opn.).)
Must Municipal and Justice Courts Certify Addicts to the Superior Court?
We answer “yes” to the above rubric. It is clear to us that if it appears to a municipal or justice court judge that a defendant (whose probation has been revoked or who has been convicted of a crime) is addicted or may be in imminent danger of becoming addicted to narcotics by reason of their repeated use, that judge must adjourn the proceedings or suspend the imposition or execution of sentence, certify the defendant to the superior court and order the district attorney to file a petition for a commitment of the defendant to the Director of Corrections for confinement in a narcotics detention treatment and rehabilitation facility. As we shall show, this conclusion is mandated by the clear language of Welfare and Institutions Code section 3050.[3] A brief look at the statutes dealing with the commitment of narcotic addicts illustrates the problem.
Section 3000 expresses the policy of the compulsoiy narcotics commitment and rehabilitation program. In relevant part it reads as follows: “It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of *Supp. 36 becoming addicted, shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public. Persons committed to the program provided for in this chapter who are uncooperative with efforts to treat them or are otherwise unresponsive to treatment nevertheless should be kept in the program for purposes of control....”
Section 3050 deals with defendants who appear in municipal or justice courts. Section 3051 relates to defendants convicted of a crime or whose probation is revoked in a superior court. A marked difference in the statutory language between the two sections compels the conclusion which we have reached. We set forth in the footnote the relevant text of each of the two sections.[4] We have italicized in the footnote language in section 3051 which has no counterpart in section 3050.
As a reading of each of the sections discloses, the first step in the process that may lead to the commitment of a defendant to the narcotic rehabilitation program is the same for both municipal and superior courts. That is, in each of the instances it must appear to the judge that the defendant is or may be in imminent danger of becoming addicted to narcotics. We are not concerned with that initial stage of the proceedings in these cases because, as we will point out later, there is no question from the record that the defendant is an addict.
*Supp. 37 Before any court, municipal, justice or superior, can certify a defendant, it must appear that that defendant is eligible within the meaning of section 3052. Section 3052 expressly provides that sections 3050 and 3051 shall not apply to persons who have been convicted of certain offenses specified in section 3052. Section 3052, in other words, deals with a defendant’s eligibility for referral to the narcotic rehabilitation program. There is no claim here that defendant is ineligible.
Passing by the eligibility determination then, a reading of section 3050 discloses that there are no further impediments to the certification of a municipal court defendant to the superior court for determination whether he is, or is in imminent danger of becoming, an addict. Section 3050 flatly states that at this stage of the proceedings “such judge shall adjourn the proceedings or suspend the imposition or execution of the sentence, certify the defendant to the superior court and order the district attorney to file a petition for a commitment to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility. . . .” [Italics supplied.]^ The word “shall” is mandatory in the Welfare and Institutions Code (§ 15).
In contrast, section 3051 dealing with superior court defendants does not stop at the same point at which section 3050 concludes. The language of section 3051 which we have italicized in footnote 4, ante, gives the criminal trial judge in the superior court an additional obligation before ordering the filing of a petition for commitment to the program. In the superior court the judge has the duty to determine the defendant’s suitability for commitment to the program. The judge must determine that the defendant’s past record of criminality is such that the defendant is a “fit subject.” This is a factor which is different from his eligibility. (See People v. Barajas (1972) 26 Cal.App.3d 932 [103 Cal.Rptr. 405]; People v. Leonard (1972) 25 Cal.App.3d 1131 [102 Cal.Rptr. 435]; People v. Dominguez (1969) 2 Cal.App.3d 1072 [83 Cal.Rptr. 226]; People v. Strickland (1966) 243 Cal.App.2d 196 [52 Cal.Rptr. 215]; Bench Book, L.A. Super. Ct. Crim. Trial Judges, p. 478.)
This added factor, not present in section 3050, means that a defendant convicted in a superior court need not be certified for civil addiction determination proceedings even if he is eligible under section 3050, if the judge is of the opinion from his record that because of his pattern of criminality he does not constitute a fit subject for commitment.
*Supp. 38 This difference in statutory language was commented upon in People v. Meza (1971) 14 Cal.App.3d 553 [92 Cal.Rptr. 423], A felony defendant in Meza contended that the distinction in the language of sections 3050 and 3052 denied him equal protection of the laws. The thesis of his argument was that a misdemeanor defendant in his position would have been certified to the program but that he was denied that opportunity because the court impliedly found that he was not a fit subject for treatment. The court in Meza justified the distinction in the following somewhat cryptic language: “. . . A sufficient basis for the distinction might have been found in vesting a greater discretion in a superior court judge than that with which a judge of the municipal or justice court is invested were it not true that the superior court judge has no greater discretion in the case of a misdemeanant than has the lower court that certified such person to the superior court.
“Distinctions between persons convicted of felonies and those convicted of lesser crimes are found in the character of punishment that may be meted out under the appropriate statutes. (In re Herrera, 23 Cal.2d 206, 213 [143 P.2d 345].)
“While the narcotics rehabilitation program is not penal, the fact it must be carried out in a minimum security setting naturally suggests the desirability of an appraisal whether persons convicted of several felonies are fit subjects for treatment in such a setting....
“We find that there is a reasonable and constitutional basis for the distinction between those who have been convicted of felonies and those who have been convicted of misdemeanors; and that defendant has not by reason of the distinction been deprived of his right under the Fourteenth Amendment to the federal Constitution to the equal protection of the laws____” (14 Cal.App.3d at p. 558.)
Meza thus upheld the validity of the statutory distinction.[5]
*Supp. 39 In People v. Omori, supra, 25 Cal.App.3d 616, a defendant was convicted in the superior court of possession of restricted dangerous drugs in violation of Health and Safety Code section 11910. He contended that the criminal conviction subjected him to cruel and unusual punishment because his possession of the drugs in question was an inseparable element of the status of an addict. The court rejected this contention and an allied argument that he was denied the equal protection and due process of the law—contentions based on the proposition that addicts should be immune from criminal prosecution. (The court pointed out that the punishment was for possession of the drug not for the status of addiction.) Concluding its opinion, the court in Omori, stated: (25 Cal.App.3d at p. 621) “Contrary to appellant’s assertion that he was not provided with a means to establish himself as an addict eligible for a civil commitment, the California Legislature has provided adequate civil commitment procedures following a criminal conviction (§§ 3050, 3051, Welf. & Inst. Code); commitment is a discretionary matter with the trial judge. (People v. Meza, 14 Cal.App.3d 553, 557-558 ...)....” The quoted language literally makes it appear that commitment is a discretionary matter, both under sections 3050 and 3051. We respectfully disagree for the reason noted above. To repeat, the language of the two sections simply is different and section 3051 imposes the additional criterion of “suitability” which does not appear in section 3050; Meza recognized and indeed upheld the validity of the distinction.
We are not bound by the Omori language because it is clearly dictum. In the Omori case the court was dealing with a defendant who was convicted in a superior court and who was subject to the provisions of section 3051 not section 3050. Further, the Omori court relied solely on Meza and, as we have already noted, that case likewise involved a superior court defendant. We have no warrant to rewrite section 3050 to insert what the Legislature has not written. “In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not... to omit what has been inserted....” (Code Civ. Proc., § 1858.)
In their brief in this case, the People state that they wonder “whether the defendant is aware of the impact of the argument he is making.” They assert that the time defendant must spend in a civil commitment to the narcotic rehabilitation program may be longer than the term of defendant’s sentence. This pragmatic factor may well explain why many felony defendants urge superior court judges to commit them to the *Supp. 40 program—they hope that their confinement under it will be for a shorter period of time and under less onerous conditions than the alternative of a state prison sentence. Conversely, the fact that many, if not most, misdemeanants sentenced in the municipal court will receive county jail sentences of substantially shorter time spans than those involved in the narcotics program may, pragmatically, explain why few such defendants desire to be committed to the narcotic rehabilitation program and why many so committed will resist a commitment order.
Nevertheless, in light of the clear legislative purpose set out in section 3000 as quoted by us above, such pragmatic considerations are irrelevant. The Legislature itself has assumed that commitments to the program will be made of persons uncooperative in the efforts to treat them. Such lack of cooperation is not a relevant factor for the trial court. Dealing with a defendant convicted of burglary in the superior court, the Court of Appeal pointed out in People v. Leonard, supra, 25 Cal.App.3d 1131, 1134-35: “In one sense it is difficult to see how Leonard can benefit from this appeal. If, as he contends we should, this court reverses the order granting him probation and remands the case for proper consideration under the Welfare and Institutions Code sections providing for the commitment and treatment of narcotic addicts (§ 3000 et seq.), he may still be required to answer the criminal charge to which he has pleaded guilty (see § 3200). Since he has already served the six-month custody requirement of the probation order, reversal may result in further deprivation of his freedom, either by commitment to C.R.C. or in the final disposition of the criminal charge. These possibilities were called to the attention of his counsel at oral argument.
“In a larger sense, however, the appeal involves considerations which may be of ultimate benefit to the defendant. If he needs treatment for his addiction to narcotics, and qualifies for the rehabilitation program, he is entitled to its benefits. At the very least, he is entitled to a hearing in accordance with the statutory requirements and a determination of his eligibility based upon proper considerations. In our view, he got neither in the trial court....”
The appellate court also commented that the trial court “may not refuse to commit a narcotics addict to the rehabilitation facility because of ‘lack of motivation.’ ” (25 Cal.App.3d at p. 1136.) Referring to section 3051 it pointed out that “the Legislature has limited the trial court’s authority to refuse to commit an addict, or one in imminent danger of becoming an addict, to a consideration of whether his record indicates *Supp. 41 such a pattern of criminality as to make him an unfit subject for commitment.” (Ibid.) By a parity of reasoning section 3050 has further restricted the trial court when the action arises in a municipal or justice court by not providing for that consideration.
Nor is it for the trial court to refuse to order commitment proceedings because of a belief that the rehabilitation program is ineffective. Section 3000 expresses the legislative policy that addicts and those in imminent danger of becoming addicted be committed for treatment. Courts must act in accord with that clearly stated legislative policy.
We hold that the municipal court had no discretion to refuse to certify defendant to the superior court.[6]
Defendant’s Status as an Addict
No issue is raised on this record that defendant is not an addict and the only inference that could be drawn is that he was. Defendant not only so testified but the three cases under consideration show successive convictions for problems relating to defendant’s use of narcotics and the court at least twice committed him to informal narcotic rehabilitation programs. Further, in sentencing the defendant the trial court recognized that he was an addict but refused to certify him to the superior court because of defendant’s prior criminal activity, because of defendant’s lack of concern (“The defendant obviously has no interest in doing anything about his own problem. He has never done it in these years that [he] has had it.”) and because the court did not believe that the narcotic addict program at the California Rehabilitation Center was effective. The municipal court did not have the right to consider any of these factors under the language of section 3050.
The orders revoking probation are affirmed. The sentences heretofore imposed on defendant are vacated. The trial court is directed to certify the defendant to the superior court and to order the district attorney to file a petition for commitment of the defendant to the Director of *Supp. 42 Corrections for confinement in the narcotic detention treatment and rehabilitation facility pursuant to section 3050 of the Welfare and Institutions Code.
Alarcon, J., and Thomas, J.,* concurred.

In one of the cases defendant was also charged with violating Vehicle Code section 23102, subdivision (a)—driving a vehicle under the influence of an intoxicating liquor.

That section makes it a misdemeanor to use a hypodermic needle or syringe for purposes other than those for which it was lawfully obtained.

Unless otherwise noted, all further statutory references in this opinion are to the sections of the Welfare and Institutions Code.

Section 3050. “Upon conviction of a defendant of any crime in a municipal or justice court, or following revocation of probation previously granted, whether or not sentence has been imposed, if it appears to the judge that the defendant may be addicted or by reason of repeated use of .narcotics may be in imminent danger of becoming addicted to narcotics, such judge shall adjourn the proceedings or suspend the imposition or execution of the sentence, certify the defendant to the superior court and order the district attorney to file a petition for a commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility----”
Section 3051. “Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, whether or not sentence has been imposed, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition or execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility unless, in the opinion of the judge, the defendant’s record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. ...”

The statement in Meza that “the superior court judge has no greater discretion in the case of a misdemeanant than has the lower court that certified such person to the superior court” (14 Cal.App.3d at p. 558) is troubling. Superior courts try some defendants who are accused of misdemeanors as well as felonies. (Kellett v. Superior Court (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].) Sections 3050 and 3051 do not talk in terms of “felons” and “misdemeanants” but rather of municipal and justice courts on the one hand and superior courts on the other hand. The Meza dictum leaves unanswered the question whether a defendant convicted of a misdemeanor in the superior court must be found to be suitable under the “fit subject” language of section 3051. We are not concerned with that problem in this case.

The conclusion which we have reached is consistent with that reached by the California Center for Judicial Education and Research in its California Municipal and Justice Courts Manual, section 13.5.

Assigned by the Chairman of the Judicial Council.