[Crim. No. 11294. Second Dist., Div. Four. June 24, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROGER LEE STRICKLAND, Defendant and Appellant.

T. Anthony Sanfilippo, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with the crime of robbery (Pen. Code, § 211) to which he pleaded not guilty. When the case was called for trial on February 16, 1965, he changed his plea to guilty. In response to the district attorney's questions he told the court he wished to plead guilty because he was in fact guilty, and that his counsel had advised him as to his rights and the nature of the charge and that no promise of leniency had been made by anyone. Defendant then waived time for sentence so that a probation report might be prepared. On March 10, 1965, after reading the probation report, the court (in dept. 103) found that defendant was probably addicted to the use of narcotics and ordered that civil proceedings be initiated against him under Penal Code section 6451.[1]

---

[1] Penal Code section 6451: ''Upon conviction of a defendant for any crime in any superior court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and conduct proceedings to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. If a petition is ordered filed, proceedings shall be conducted in substantial compliance with Sections 5353, 5053, 5054, and 5055 of the Welfare and Institutions Code.

Inasmuch as defendant had been convicted of robbery, Penal Code section 6452[2] made him ineligible for civil commitment unless the court proceeded under the exception which was set forth in section 6451 in the following language: "In unusual cases, wherein the interest of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding Section 6452."

The proceedings of March 10, 1965, contain no express finding to this effect by the court or any express concurrence by the district attorney. The reporter's transcript for March 10, 1965, shows no mention by anyone of the problem of eligibility.

The record of the civil proceedings (conducted in dept. 95) is before this court by reason of an order made at defendant's request augmenting the record by causing the entire superior court file to be transmitted here. The file shows that the two doctors who examined defendant found that he was a narcotic

"If, after a hearing and examination, the judge shall find that the person charged is a narcotic addict, or by reason of repeated use of narcotics is in imminent danger of becoming addicted to narcotics, he shall make an order committing such person to the custody of the Director of Corrections for confinement in the facility until such time as he is discharged pursuant to Article 5 of this chapter, except as this chapter permits earlier discharge. In any case to which Section 6452 applies, the judge may request the district attorney to investigate the facts relevant to the advisability of commitment pursuant to this section. In unusual cases, wherein the interest of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding Section 6452. If, upon the hearing, the judge shall find that the defendant is not a narcotic addict and is not in imminent danger of becoming addicted to narcotics, he shall so certify and return the defendant to the department of the superior court which directed the filing of the petition for such further proceedings on the criminal charges as the judge of such department deems warranted.

"If a person committed pursuant to this section, after conviction of a felony, is dissatisfied with the order of the court, he may demand a hearing by a judge or jury in substantial compliance with the provisions of Section 5125 of the Welfare and Institutions Code." (This section was repealed Sept. 17, 1965, and replaced by Welf. & Inst. Code, § 3051.)

[2] Penal Code section 6452: "Sections 6450 and 6451 shall not apply to persons convicted of, or who have been previously convicted of murder, assault with intent to commit murder, attempt to commit murder, kidnaping, robbery, burglary in the first degree, mayhem, a violation of Section 245 or a violation of any provision of Chapter 1 (commencing with Section 261) of Title 9 of Part 1 of the Penal Code (but excepting subdivision 1 of Section 261) any felonies involving bodily harm or attempt to inflict bodily harm or any offense set forth in Article 1 (commencing with Section 11500) or 2 (commencing with Section 11530) of Chapter 5 of Division 10 of the Health and Safety Code, or in Article 4, (commencing with Section 11710) of Chapter 7 of such Division 10 for which the minimum term prescribed by law is more than five years in state prison." (This section was repealed Sept. 17, 1965, and replaced by Welf. & Inst. Code, § 3052.)

addict and recommended commitment to the rehabilitation center. The order of the court (dept. 95) in the civil proceedings on March 23, 1965, is: "Subject is found ineligible. No waiver on file. The petition is dismissed. . . ."

When the criminal proceedings were resumed on March 31, 1965, in department 103, the court stated that, since the district attorney had not concurred in a finding that this was an unusual case, the defendant was ineligible for civil commitment. Defendant then, through his counsel, moved to withdraw the guilty plea, which motion was denied. Probation was denied and defendant was sentenced to state prison. At the same time, on motion of the district attorney, a burglary charge pending against defendant was dismissed.

On April 8, 1965, the court received defendant's notice of appeal from the judgment, and also a handwritten document signed by defendant entitled "Motion To Vacate and set aside Judgment & Conviction or Petition For Writ of Error." In this document he asserted that "Your petitioner submitted his plea of guilty to this honorable court with the complete assurance of the public defender, the district attorney and this court, if petitioner made a plea of guilty, the District Attorney would acquiesce with *petitioners* acceptance to Dept. 95. Your *petitioners* plea was made on this contingency, and could not have *missconstrue* this accordance." The trial court made an order denying this petition April 9, 1965.

■ The judge sitting in department 95, presiding over the civil proceeding, had no jurisdiction to determine that defendant was ineligible for a narcotics commitment. Under Penal Code section 6451 eligibility was determined in the criminal proceeding. In the civil proceeding the only issue was addiction. Under the statute, if the judge in the civil proceeding finds the defendant to be an addict or in imminent danger of becoming one, "he shall make an order committing such person. . . ."

We therefore treat the proceeding in department 95 on March 23, 1965, as having no legal effect. ■ But the purported order made in department 95 did have the practical effect of reminding the judge in department 103 that his order suspending the criminal proceedings on March 10 was irregular. The latter judge then, in effect, reconsidered his order of March 10 and determined, on March 31, that defendant was not eligible for civil commitment. This was a proper decision for the judge in the criminal case to make.

█ It was not error for the court to deny defendant's motion to change his plea on March 31.

When defendant changed his plea to guilty on February 16, 1965, he told the court no promise of leniency had been made. The court made no representations. There is nothing in the record to indicate that the court ever suspected that defendant was an addict until the probation report was received. Defendant was represented by counsel selected and employed by him, not by the public defender. At the time the guilty plea was received defendant assured the court he had been advised by his own attorney. It is noted that at no time since he pleaded guilty on February 16, 1965, has defendant ever asserted that he had any defense on the merits.

It is noteworthy also that at the hearing on March 31 counsel for defendant criticized the district attorney's refusal to consent to a civil commitment, but he made no claim that anyone had made any promises or representations to induce his client to plead guilty.

The purported motion which defendant filed contemporaneously with his notice of appeal set forth no facts which justified any reopening of the case. It was no more than an attempt to renew the motion for a change of plea which counsel had made prior to judgment. There has been no attempt to appeal from the order made by the trial court on April 9, 1965, denying that post-judgment motion.

The record on appeal contains no error.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.