[Crim. No. 15942. Second Dist., Div. Four. Aug. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. EMILIA GONZALES, Defendant and Appellant.

Victor Rosenblatt, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged, in three counts, with violations of the Health and Safety Code provisions prohibiting the possession of various narcotics. ■■ After a trial by the court (trial by jury having been waived), she was found guilty of the violation charged in count III (illegal possession of codeine); the other two counts were dismissed by the People. On September 6, 1968, a motion for a new trial was made and denied; the trial court adjourned the criminal proceedings and directed the institution of proceedings under the Narcotic Rehabilitation Act. That order concluded as follows: "In the event defendant is not committed, it is ordered that she be returned to this [criminal] department on September 27, 1968, at 9 am." Defendant was released on her own recognizance.

Defendant did not appear for the hearing under the Narcotic Rehabilitation Act nor did she appear in the criminal trial department on September 27th. On the latter date, the court ordered a bench warrant to issue for her apprehension. So far as the record before us shows, she is still at large.

On September 6, 1968, immediately following the denial of her motion for a new trial and the other proceedings on that date, defendant filed a notice of appeal from ''the judgment'' and from the order denying her motion for a new trial. The Attorney General now moves to dismiss the appeal. We grant the motion.

Since the purported appeal was taken on September 6, 1968, and all proceedings in the trial court were within that same month, her right to appeal is determined by the provisions of section 1237 of the Penal Code as that section read prior to its amendment by the 1968 Legislature.[1] As of that date, the section read as follows: ''An appeal may be taken by the defendant:

''1. From a final judgment of conviction except as provided in Section 1237.5; a sentence or an order granting probation shall be deemed to be a final judgment within the meaning of this section; upon appeal from a final judgment the court may review any order denying a motion for a new trial, except when an appeal from an order denying a motion for a new trial has previously been finally determined in cases where the defendant has been committed for sexual psychopathy, insanity, or narcotics addiction.

''2. From an order denying a motion for a new trial, in cases where the defendant is committed before final judgment for sexual psychopathy, insanity, or narcotics addiction. Such an appeal shall be dismissed if while it is pending an appeal is taken under subdivision 1.

''3. From any order made after judgment, affecting the substantial rights of the party.''

It is clear that there has been no final judgment from which an appeal could lie under subdivision 1 of section 1237. The alternative provision in subdivision 2, permitting an appeal from an order denying a motion for a new trial, is, by its terms, applicable only ''in cases where the defendant is committed . . . for . . . narcotics addiction.'' Again, since the proceedings under the Narcotic Rehabilitation Act were frustrated by the fact that defendant did not appear, it is obvious

---

[1] The 1968 amendment did not become effective until after November 13, 1968.

that the essential condition precedent to her attempted appeal from the order denying her new trial motion was also absent.[2] The motion to dismiss must be granted.

For the guidance of the trial court on remand, we point out that, when, as and if defendant is apprehended, the matter must be resumed in Department 95 for the heretofore aborted narcotic commitment hearing and not in the criminal department for sentence. Once the trial court has exercised its discretion under section 3051 of the Welfare and Institutions Code to direct the institution of narcotic rehabilitation proceedings, the criminal court is without jurisdiction to proceed with the criminal case until those proceedings have terminated.

The motion to dismiss the appeal is granted.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[2]We note that the same result would follow under the section as amended in 1968. The amended section provides that ''the commitment'' under the Narcotics Rehabilitation Act ''shall be deemed to be a final judgment'' for the purpose of appeal, ''90 days after such commitment.'' Obviously, an order of commitment and an actual commitment under such an order is a condition precedent to any appeal other than from a final judgment in the criminal proceeding itself.