[Crim. No. 6903. Fourth Dist., Div. One. July 3, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
LOUIS JOSEPH MORALES, Defendant and Appellant.

734

## COUNSEL

Carolyn Eckmann and Elaine A. Alexander, under appointments by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jeffrey A. Joseph and Cecilia H. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**[*]—Defendant was convicted of the offense of robbery in the first degree, in the commission of which he used a firearm. Judgment of imprisonment was pronounced. He appeals, contending the court erred in refusing to institute proceedings under Welfare and Institutions Code section 3051 for commitment and treatment as a narcotic addict because it applied an erroneous standard in determining defendant's eligibility for treatment.

[*]Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

On April 29, 1974, the date set for hearing an application for pronouncement of judgment, several alternative dispositions were considered by the court, defense counsel, the district attorney and the probation officer. Included was a proposed commitment to the California Rehabilitation Center (CRC) for treatment as a narcotic addict. The expressed belief defendant was a heroin addict and needed treatment was not denied. The issue was where he should get the treatment, i.e., whether while on probation, at CRC, a California Youth Authority facility or in prison. The reasons for and against placement in one of these facilities were subjects of a conglomerate consideration culminating in an order to place defendant temporarily in a diagnostic facility of the Department of Corrections pursuant to and for the purposes prescribed by Penal Code section 1203.03. The court expressed concern about and requested the diagnostic facility determine the "violent tendencies" of the defendant, saying: "I want to know whether or not aside from any addiction problems there is in his mental makeup violent propensities." The proceedings were continued and, after report from the diagnostic facilities, came on for further hearing on July 29, 1974. The various placements considered on April 29 again were considered at length, culminating in the sentence to prison.

In both hearings the court expressed its belief the defendant should not be committed to CRC because of his violent tendencies. At the April 29 hearing the court said, among other things: the problem with CRC is that he is treated there as an addict; he should have treatment; but he "has been convicted of an armed robbery, and he has had in his past experience similar incidents;" under his commitment to CRC when he has recovered from his addiction he will be placed on outpatient status (see Welf. & Inst. Code, § 3151), which the court referred to as probation; he "will then be set upon the community again. I am very fearful that with the background of this man and with his sophistication in weapons apparently, someone is going to suffer. . . . I consider him to be rather dangerous." In the July 29 hearing the court reiterated its belief defendant was a dangerous person with "a propensity to the type of offense which finally caught up to him," i.e., armed robbery.

The diagnostic study included a report by the associate superintendent of the facility; a social evaluation by a correctional counselor; a psychiatric evaluation by the chief psychiatrist; and a recommendation for commitment to the Department of Corrections. Without reviewing these reports and those of the probation officer in detail, suffice it to refer to the report of the chief psychiatrist that defendant: " . . . is grossly

selfish, callous, irresponsible, impulsive, and unable to feel guilt or learn from experience. He is angry, resentful, and undercontrolled to the extent that he presents a substantial danger to the community. His lack of control was demonstrated during the present evaluation, where his hostility was so intense that the expression of it was more important than creating a favorable impression of himself. He has revealed his contempt for permissive programs and has failed to benefit from previous referrals to the Youth Authority."

Proceedings to commit defendant to CRC could have been instituted only pursuant to the authority vested in the court by Welfare and Institutions Code section 3051. However, section 3052 of that code unambiguously provides "Section . . . 3051 shall not apply to persons convicted of . . . robbery . . . ." On the other hand, section 3051 provides: "In unusual cases, wherein the interest of justice would best be served, the judge may . . . order commitment [to CRC] notwithstanding Section 3052."

 Defendant contends the trial judge in the criminal case in which he was convicted was required to institute proceedings for commitment to CRC under section 3051 when it appeared he was an addict, even though he had been convicted of robbery; the judge in the criminal proceedings was not authorized to determine the issue whether the exclusionary provisions of section 3052 or the exception thereto provided by section 3051 should apply; and only the judge hearing the proceedings for commitment to CRC was authorized to determine whether the exception applied, i.e., whether the case was unusual and the interest of justice would best be served by ordering the commitment to CRC notwithstanding section 3052.

The contention is without merit. Fundamental rules of statutory construction require related sections of a statute be considered as a whole (*People* v. *Moroney*, 24 Cal.2d 638, 642 [150 P.2d 888]) and interpreted to avoid an absurd result (*Warner* v. *Kenny*, 27 Cal.2d 627, 629 [165 P.2d 889]). Thus construed, sections 3051 and 3052 provide the criminal proceedings in which a defendant has been convicted of robbery should not be suspended and civil proceedings to effect his commitment to CRC should not be instituted unless the judge in the criminal proceedings determines the case is unusual and the interest of justice would best be served by a commitment to CRC. It would be absurd to institute civil proceedings to determine whether the criminal proceedings involved an unusual case wherein the interest of

justice would best be served to commit the convicted robber to CRC. Available in the criminal proceedings for a determination of the issue is the evidence at the trial, through probation reports and, as in the case at bench, through diagnostic, sociological and psychiatric studies upon reference pursuant to Penal Code section 1203.03.

The foregoing conclusion conforms to the proceedings reviewed and suggestions made in *People v. Deas,* 27 Cal.App.3d 860, 862-863 [104 Cal.Rptr. 250], *People v. Harris,* 274 Cal.App.2d 826, 833-835 [79 Cal.Rptr. 352], and *People v. Strickland,* 243 Cal.App.2d 196, 198-199 [52 Cal.Rptr. 215], in which orders refusing to institute proceedings under Welfare and Institutions Code section 3051, because the defendant was within the exclusionary provisions of section 3052, were affirmed.

■ Defendant contends the court's reliance on his violent tendencies as a basis for refusal to commit him to CRC constitutes the application of an erroneous standard. The contention is based on the premise the applicable standard is the standard prescribed by the provisions of section 3051 requiring the judge in the criminal proceedings to "order the district attorney to file a petition for commitment" to CRC "unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section." In other words, the standard prescribed is "a pattern of criminality." Implicit in the judgment at bench sentencing defendant to imprisonment, and the statements of the trial judge during the hearings hereinbefore noted, is a finding the case was not unusual, wherein the interest of justice would best be served by a commitment to CRC. The fact defendant had been convicted of robbery and the aforesaid finding foreclosed any proceedings to effect such a commitment, including those involving a determination respecting his pattern of criminality and its effect upon the duty of the court to order the district attorney to file a petition for commitment. The issue to which defendant's contention is directed did not arise in the proceedings culminating in his sentence. The contention is irrelevant.

The court's reliance upon defendant's violent tendencies and incident factors, in light of the showing at the hearings on the matter, as reasons for the conclusion implicit in its sentence of imprisonment that the interest of justice would not be served best by a commitment to CRC was not an abuse of discretion.

In *People v. Superior Court (Syvinski),* 2 Cal.3d 527, 532-533 [86 Cal.Rptr. 83, 468 P.2d 211], the court said: " 'The concept of "fitness for

commitment" [Welf. & Inst. Code, § 3051] flows from the nature of the program itself and the conditions under which it must operate to maximize its chances of success. It must retain its nonpenal character, and those who are receiving treatment must be able to function effectively in a minimum security setting, cooperate with fellow-patients and counselors in group therapy and work programs, and assume a certain degree of responsibility and self-reliance. Not all criminal defendants, unfortunately, exhibit these qualities.' "

The record supports the conclusion defendant did not meet the desired qualifications. In addition, as noted by the trial court, the defendant, in an outpatient program, would be a risk to the safety of people generally (see also *People* v. *Meza*, 14 Cal.App.3d 553, 557 [92 Cal.Rptr. 423]). The Legislature, by the exclusionary provisions of section 3052, recognized the danger generally incident to commitment to CRC of a person convicted of robbery.

■ Defendant complains of the fact the probation officer's report showed "defendant's 'police contacts' in connection with which defendant was neither convicted nor charged" and cites *People* v. *Calloway*, 37 Cal.App.3d 905, 908 [112 Cal.Rptr. 745], as a basis for his complaint. The record before the court does not justify the conclusion the judge placed any reliance on that part of the probation officer's report to which defendant objects. The reports from the diagnostic facility pursuant to Penal Code section 1203.03 were of major importance.

The trial judge exhibited conscientious concern for the defendant and for the protection of society; directed his inquiry to a determination whether defendant's violent tendencies were attributable primarily to his addiction or to other factors; and his decision was the product of sincere, sympathetic and responsible deliberation. We find no error in the proceedings.

The judgment is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1975.