[Crim. No. 28457. Second Dist., Div. Five. Dec. 23, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD GRAY, Defendant and Appellant.

COUNSEL

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roy C. Preminger and Joyce Luther Kennard, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—In an information filed on May 10, 1967, by the District Attorney of Los Angeles County, defendant was charged with a violation

of Penal Code section 487, subdivision 1, grand theft. A prior felony conviction was also alleged. Defendant waived trial by jury. Trial was by the court and the matter was submitted on the preliminary hearing transcript. Defendant was found guilty, and it appearing to the court that he was in imminent danger of being addicted to narcotics, the court adjourned criminal proceedings and thereafter, on September 26, 1967, he was determined to be a narcotics addict within the meaning of Welfare and Institutions Code section 3051,[1] and committed to the California Rehabilitation Center (CRC) for the period prescribed by law.

Subsequently defendant was excluded from CRC after his conviction of violating Penal Code section 496, receiving stolen property, in 1975 and his sentence on October 22, 1975, to 365 days in county jail on that conviction. Criminal proceedings on his grand theft conviction were resumed on December 15, 1975, and defendant was sentenced to state prison on January 14, 1976.[2]

■ Defendant's first contention is that the trial court had no jurisdiction to resume criminal proceedings after his exclusion from CRC, and should have dismissed these proceedings. Defendant's argument is that under section 3201[3] the Director of Corrections must return the committed person to superior court upon expiration of seven years from the time of the commitment, and that since this was not done the superior court has no jurisdiction.

There is no merit to defendant's position. The two cases defendant cites are not in point. *Burtnett* v. *King,* 33 Cal.2d 805 [205 P.2d 657, 12

---

[1]Unless otherwise indicated, all section references are to the Welfare and Institutions Code.

[2]Grand theft is punishable by imprisonment in the county jail for not more than 1 year or in the state prison for not more than 10 years. (Pen. Code, § 489.)

[3]Welfare and Institutions Code section 3201 provides in pertinent part as follows: "If a person committed pursuant to this chapter has not been discharged from the program prior to expiration of seven years, the Director of Corrections shall, on the expiration of such period, return him to the court from which he was committed, which court shall discharge him from the program and order him returned to the court in which criminal proceedings were adjourned, or the imposition of sentence suspended, prior to his commitment or certification to the superior court; or, if he was committed pursuant to Article 3, shall discharge him. If however, it appears to the director that such person gives promise that, if his time on the program were extended, he could complete three consecutive years of abstinence from narcotics, the director shall return him to the court from which he was committed, with the recommendation that an extension not to exceed three years be ordered. The court may order such extension. If it declines to do so, it shall, if the person was committed pursuant to Article 3, discharge him, or, if he was committed pursuant to Article 2, return the person to the court in which criminal proceedings were adjourned, or the imposition of sentence suspended, prior to his commitment or certification to the superior court."

A.L.R.2d 333], involved the court's jurisdiction to grant a default judgment. The court, at page 807, invoked the well-settled rule that "where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." *People* v. *Leonard,* 25 Cal.App.3d 1131 [102 Cal.Rptr. 435], holds that once a court has exercised its jurisdiction by initiating a commitment procedure under section 3051, it is without jurisdiction to proceed in the criminal case until the commitment proceedings have been terminated.

In the instant case the commitment proceedings were terminated before the court sentenced defendant to state prison. By letter dated November 20, 1975, defendant was declared by the Director of Corrections to be "not a suitable candidate for the Civil Addict Program."

Although more than seven years had expired since defendant's commitment to CRC, during most of that period, more than four years, defendant was classified as a "Releasee-at-Large" because he had absconded from supervision. Between the time defendant was received at CRC on November 3, 1967, and the date of the exclusion letter, he had four commitments as an inpatient which totaled approximately 23 months. He was an outpatient for approximately 18 months. Pursuant to Evidence Code sections 452, subdivision (c), and 459 we take judicial notice of Department of Corrections summary of sentencing data CDC form 1112 which shows that while defendant was an outpatient he absconded from supervision five times and was declared by the Department of Corrections to be a "Releasee-at-Large," a status which existed for more than four years. (See also *Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 85-86 [31 Cal.Rptr. 524]; *Adoption of McDonnell,* 77 Cal.App.2d 805, 808 [176 P.2d 778].) Apparently the Director of Corrections deducted that period from his computation of time which had expired since defendant was committed. Even assuming that the director should not have deducted that time in determining when defendant was to be returned to court, we find no impairment of the court's jurisdiction. The mere fact that the Director of Corrections may have been tardy in returning defendant to superior court in no way affected the jurisdiction of the court to proceed in the criminal case since the commitment proceedings had been terminated. This duty is imposed for the protection of the committed person and may be waived by him. Defendant had a remedy. He could have petitioned for a writ of habeas corpus, ordering the Director of Corrections to return him to superior

court at the expiration of seven years, or seek to extend his commitment for a period of up to three years as provided for in section 3201.

■ There is, however, another aspect to the term served under the civil commitment which we must consider. Penal Code section 1203.03, as amended by the 1975 Legislature, provides in part as follows: "(f) Time spent by a defendant in confinement in a diagnostic facility of the Department of Corrections pursuant to this section *or as an outpatient or inpatient of the California Rehabilitation Center* shall be credited on the term of imprisonment in state prison, if any, to which defendant is sentenced in the case." (Italics indicate that portion which became effective January 1, 1976.)

Even though defendant's commitment was terminated prior to the effective date of the amendment, it was in effect at the time he was sentenced and is applicable. (*In re Kapperman,* 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657].) ■ Therefore defendant is entitled to credit on his state prison term for time spent as an inpatient and as an outpatient at CRC. However, he is not entitled to credit for the time during which he had absconded from the program. There is no indication that the Legislature intended that a defendant could be committed as a narcotics addict, abscond from the program and receive credit for those periods during the commitment when he was not under CRC supervision and, in effect, was out of the program. (*Barber* v. *Blue,* 65 Cal.2d 185, 188 [52 Cal.Rptr. 865, 417 P.2d 401]; *Netwig* v. *Huntington Beach Union High Sch. Dist.,* 52 Cal.App.3d 529, 532 [125 Cal.Rptr. 170].) Thus, defendant is entitled to be credited on his state prison term with the 23 months he spent as an inpatient at CRC and the 18 months he spent as an outpatient, a total of approximately 41 months.

■ Defendant's next contention is that "[t]he information alleged that defendant took 'property' and did not allege 'personal property.' Defendant should be not guilty."

This is totally without merit. Defendant argues that since real property cannot be the subject of larceny the information was defective in not specifying personal property. This argument is refuted by Penal Code section 952, which provides: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be

proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another." (See also *People* v. *Burch,* 196 Cal.App.2d 754, 764 [17 Cal.Rptr. 102]; *People* v. *Anderson,* 55 Cal.2d 655, 657-658 [12 Cal.Rptr. 500, 361 P.2d 32].)

Defendant's last contention is that "[d]efendant took a gold and brown suit priced at $195 and a gray suit priced at $185. Defendant should not have been guilty of grand theft but petty theft." Again the contention has no merit.

Defendant was seen by the chief of security for Buffum's Department Store removing a gold and brown suit and a gray suit from a clothing rack and placing them under a black raincoat he was wearing. Defendant then walked out of the main door of the store without paying for the clothing. The gold and brown suit was priced at $195 and the gray suit at $185. The wholesale price of the suits was approximately $230.

"[W]here a number of takings, each less than $200 but aggregating more than that sum, are all motivated by one intention, one general impulse, and one plan, the offense is grand theft." (*People* v. *Bailey,* 55 Cal.2d 514, 519 [11 Cal.Rptr. 543, 360 P.2d 39].) The takings occurred at one time and were obviously the result of "one intention, one general impulse, and one plan," and therefore constitute the offense of grand theft. (See *People* v. *Slocum,* 52 Cal.App.3d 867, 889 [125 Cal.Rptr. 442]; *People* v. *Pena,* 56 Cal.App.3d 854 [128 Cal.Rptr. 875].)

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.