[Crim. No. 34064. Second Dist., Div. One. Sept. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY AGUILAR HERNANDEZ, Defendant and Appellant.

**COUNSEL**

Joseph Shemaria and Joseph F. Walsh for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Edward T. Fogel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

LILLIE, Acting P. J.—Appeal is from judgment (order of commitment to the California Rehabilitation Center (CRC)) entered on a plea of guilty.[1]

Defendant was represented by Mr. Lerman who represented him at the preliminary hearing; he pleaded not guilty to possession for sale of heroin, in excess of one-half ounce within the meaning of section 1203.07, Penal Code (count I) and possession for sale of cocaine (count II). Thereafter Mr. Lerman filed notice of motion pursuant to section 1538.5, Penal Code, notice of motion pursuant to section 995 and notice of motion for continuance and for discovery (to obtain copy of search warrant and affidavit) together with declarations and supporting points and authorities. On March 29, 1978, before Judge Munnell, defendant withdrew all pretrial motions, withdrew plea of not guilty to count I and entered a plea of guilty thereto and admitted the section 1203.07, Penal Code allegation. Probation and sentence and disposition of count II were set for April 28, 1978. On that date Judge Munnell adjourned criminal proceedings and ordered petition filed pursuant to section 3051, Welfare and Institutions Code.

On May 4, 1978, petition was filed in department 95 (Judge Sanchez); Doctors Markman and Davis were appointed to examine defendant. On May 11, 1978, Judge Sanchez determined defendant to be a narcotic addict or in imminent danger of becoming addicted to narcotics, ordered him committed to CRC and stayed the commitment to May 16, 1978. On May 16, 1978, on motion, Mr. Lerman was relieved and Mr. Shemaria substituted as counsel for defendant. On Mr. Shemaria's motion, Judge Sanchez ordered commitment stayed until June 9, 1978, and returned the cause to Judge Munnell for hearing on motion to withdraw plea of guilty.

On May 26, 1978, defendant filed notice of motion to withdraw plea together with supporting points and authorities, and on that date moved to withdraw plea of guilty. On the People's motion Judge Munnell returned the cause to department 95 to determine the validity of department 95's jurisdiction and to conclude the section 3051 proceedings; hearing on motion to withdraw plea was continued to July 10, 1978, before Judge Munnell.[2]

---

[1]Defendant did not obtain a certificate of probable cause pursuant to section 1237.5, Penal Code, however, he asserts his challenge is solely to the jurisdiction of the court.

[2]The reporter's transcript of oral proceedings on May 26, 1978, establishes the recital in the minute order of that date, "Motion to withdraw plea of guilty is argued and denied," to be a clerical error.

On June 9, 1978, the parties appeared in department 95 and agreed that Judge Sanchez could hear the motion to withdraw plea of guilty. On June 22, 1978, an evidentiary hearing was had thereon; Judge Sanchez granted the motion and vacated commitment to CRC for lack of a conviction and returned the cause to Judge Munnell.

On July 10, 1978, over objection of defendant, Judge Munnell vacated the June 22, 1978, order of Judge Sanchez granting defendant's motion to withdraw plea of guilty, ordered the April 28, 1978, referral to department 95 vacated and resumption of criminal proceedings and offered to hear defendant's motion to withdraw plea of guilty. Further proceedings were continued to August 7, 1978, to give defendant an opportunity to file petition for writ of mandate in the Court of Appeal. He did so and the petition was denied without prejudice. On August 7, 1978, Judge Munnell denied motion to withdraw plea of guilty, ordered criminal proceedings adjourned and ordered petition pursuant to section 3051 be filed in department 95.

New civil commitment proceedings were instituted in department 95, and on August 7, 1978, Judge Sanchez found defendant to be a narcotic addict and in imminent danger of becoming addicted within the meaning of section 3051, Welfare and Institutions Code, and ordered defendant committed to CRC.

■ Appellant's main contention is that his CRC commitment was not based on a valid conviction in that department 95 made an order granting his motion to withdraw plea of guilty reinstating his not guilty plea, and Judge Munnell had no authority to vacate it. We conclude that department 95 acted in excess of its jurisdiction in the civil commitment proceeding in hearing and determining defendant's motion to withdraw his plea of guilty in the underlying criminal case.

Statutes relating to the commitment and treatment of narcotic addicts (§ 3000 et seq., Welf. & Inst. Code) were enacted to carry out nonpunitive treatment not only for their own protection and treatment but for the prevention of contamination of others and to protect the public. (§ 3000, Welf. & Inst. Code; *People* v. *Navarro,* 7 Cal.3d 248, 261-262 [102 Cal.Rptr. 137, 497 P.2d 481].) Thus, a separate involuntary narcotic commitment procedure, civil in nature was structured for those convicted of a crime (§§ 3050, 3051); and section 3051 specifically provides for adjournment of the criminal proceedings before a petition for commitment of defendant to CRC can be filed, and the commitment procedure

following the filing of such petition. The statutory scheme contemplates a jurisdiction of the court in which such civil commitment proceeding is instituted, separate and apart from that of the referring criminal court.

■ The rule is well settled that "where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. [Citations.]" (*Burtnett* v. *King*, 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].) ■ This was relied upon in *People* v. *Gray*, 65 Cal.App.3d 220 [135 Cal.Rptr. 206] in which the court, citing *People* v. *Leonard*, 25 Cal.Ap.3d 1131 [102 Cal.Rptr. 435], said at page 224, "once a court has exercised its jurisdiction by initiating a commitment procedure under section 3051, it is without jurisdiction to proceed in the criminal case until the commitment proceedings have been terminated." (*People* v. *Barajas*, 26 Cal.App.3d 932, 939 [103 Cal.Rptr. 405]; *People* v. *Leonard, supra*, 25 Cal.App.3d 1131, 1136; *People* v. *Davidson*, 25 Cal.App.3d 79, 82 [101 Cal.Rptr. 494]; *People* v. *Gonzales*, 275 Cal.App.2d 741, 743 [80 Cal.Rptr. 324].) The only issue to be determined in narcotic commitment proceedings (here dept. 95) is that of addiction. (*People* v. *Strickland*, 243 Cal.App.2d 196, 199 [52 Cal.Rptr. 215].) The addiction hearing is a civil proceeding separate and distinct from the criminal proceeding, even to the opening of a new file by the court clerk giving it a civil number.[3] (*People* v. *Garcia*, 13 Cal.App.3d 486, 489 [91 Cal.Rptr. 671].) The cases demonstrate, as pointed up in *People* v. *Murphy*, 70 Cal.2d 109 [74 Cal.Rptr. 65, 448 P.2d 945], that "Both in form and in substance, the civil commitment proceedings are wholly distinct from the criminal prosecution" (pp. 114-115; *People* v. *Barajas*, 26 Cal.App.3d 932, 938 [103 Cal.Rptr. 405]). Thus, for example, department 95 while civil commitment proceedings are pending has no jurisdiction to determine that defendant is ineligible for commitment as a narcotic addict; eligibility can be determined only by the criminal court. (*People* v. *Morales*, 49 Cal.App.3d 732, 736-737 [122 Cal.Rptr. 804]; *People* v. *Harris*, 274 Cal.Ap.2d 826, 837 [79 Cal.Rptr. 352]; *People* v. *Strickland*, 243 Cal.App.2d 196, 199 [52 Cal.Rptr. 215].) The leitmotif of the foregoing authorities is that the two proceedings are separate and distinct as are the jurisdictions of the courts which entertain them.

Considering the judicial history of the within case, what the court said in *People* v. *Leonard*, 25 Cal.App.3d 1131 at page 1136 [102 Cal.Rptr.

---

[3] In that connection the court in *People* v. *Barajas, supra*, 26 Cal.App.3d 932, elaborated at page 937, "such [narcotic commitment] proceedings are not merely an additional file or extra paper work, and they cannot be considered or ignored willy-nilly, irrespective of what has transpired."

435], is equally applicable here: "The statutory scheme does not permit the hybrid, off-again-on-again mixture of civil and criminal proceedings conducted here." We can only conclude that in the context of the civil commitment proceeding pending before department 95 on June 22, 1978, the scope of its jurisdiction extended solely to a termination of the addiction proceedings.

In light of the views expressed by both counsel and both judges, it is preposterous to argue that Judge Munnell's order of May 28, 1978, transferring the cause to Judge Sanchez can be reasonably interpreted as a request by Judge Munnell to Judge Sanchez that he hear the motion to withdraw plea.[4] Ultimately Judge Sanchez did so, somewhat reluctantly.[5] In any case, the understanding of the parties or the judge cannot any more confer jurisdiction on a judicial tribunal in which none exists than the failure of counsel to object or an agreement or stipulation of the parties. (*Griggs* v. *Superior Court,* 16 Cal.3d 341, 344, fn. 2 [128 Cal.Rptr. 223, 546 P.2d 727].) But the fact is, neither counsel or Judges Munnell and Sanchez really believed the motion to withdraw plea should have been heard in department 95. At the very outset of Mr. Shemaria's participation in the case, he requested Judge Sanchez to return it to the criminal court for hearing on motion to withdraw plea noting "The Penal Code makes it absolutely clear that the only court to hear a motion to withdraw a guilty plea is the court that accepted the guilty plea. Certainly not this court." The district attorney asked department 95 to terminate its jurisdiction by determining there is insufficient evidence of addiction before returning the cause. Judge Munnell said he could not hear the motion with civil commitment proceedings pending, and returned the cause to department 95 to determine its jurisdiction and conclude the civil commitment proceedings. When the parties returned to department 95 Mr. Shemaria advised Judge Sanchez they were there for termination of the civil proceedings with a finding "one way or the other" on the addiction issue. Judge Sanchez correctly reminded counsel that the cause had been referred to him for one purpose, to determine the issue of addiction. After some argument and colloquy, counsel agreed that he hear and determine the motion. Judge Munnell properly observed that Judge Sanchez had exceeded his authority in granting the motion to

---

[4]In consideration of the special circumstances involved in *People* v. *Bautista,* 6 Cal.App.3d 344 [85 Cal.Rptr. 688] and the authorities hereinabove noted, *Bautista* is not dispositive of the issue here.

[5]At various times before Judge Munnell, Mr. Shemaria sought to exonerate himself of any responsibility in the matter of Judge Sanchez' ruling on the motion, by insisting that it was the district attorney who wanted the motion heard in department 95, he vigorously opposed it and finally "went along with it." The record does not wholly support this.

withdraw plea inasmuch as the issue before him "was simply to determine if defendant was a narcotic addict," and set aside the order of department 95 as in excess of the court's jurisdiction and reinstated criminal proceedings.

Finally denial by Judge Munnell of defendant's motion to withdraw his plea of guilty did not constitute an abuse of judicial discretion.

On July 10, 1978, Judge Munnell announced he "would be happy to hear" the motion to withdraw plea. Mr. Shemaria declined to "make another motion" and elected to seek a writ in the Court of Appeal to test Judge Munnell's ruling vacating Judge Sanchez' order granting motion to withdraw plea. Said the court, "If you will tell me that you are now going to move to set aside the defendant's plea of guilty, I will hear that motion and I will notice it so that you can bring in your witnesses, bring your briefs or whatever you have, and I will listen to the argument." The cause was continued to August 7, 1978. Counsel filed his petition for writ of mandate which was denied without prejudice to refile in the event Judge Munnell denies defendant's motion to withdraw plea of guilty. Thus on August 7, 1978, Mr. Shemaria was anxious to have Judge Munnell hear and deny his motion to withdraw plea so that he could proceed on another petition. In fact, he said, "Your Honor should hear and *deny* the motion today." (italics added); and further, "I already have the new petition done and I have somebody standing in the Court of Appeal right now ready to file." After considerable argument and colloquy, the court said; "All right. Counsel, to make it possible for you to get that matter clearly before the Appellate Court as you want, I think the motion is not well taken," giving its reasons therefor.

A sense of urgency impelled Mr. Shemaria to seek a disposition of the motion on that day to facilitate refiling of his petition in the Court of Appeal; the record shows he treated the hearing on the motion as little more than mere form, and unquestionably would have filed the petition except for the fact Judge Munnell noting, "there has to come a day when these proceedings are brought to a close," imposed judgment and a state prison sentence then, upon a plea of Mr. Shemaria that defendant was entitled to the benefit of his plea bargain, vacated judgment and sentence, adjourned criminal proceedings and ordered another petition be filed pursuant to section 3051, Welfare and Institutions Code in department 95. The transcript of the oral proceedings had on July 10 and August 7, 1978, reflects first, defendant's position on appeal which precludes any

complaint that Judge Munnell denied his motion to withdraw plea without permitting him to offer evidence and argument; and second, denial of the motion by Judge Munnell who was fully informed in the premises.[6]

Defendant's motion to withdraw plea was not made on the ground there was a defect in the plea itself, but on the ground he was not adequately represented by Mr. Lerman in that he advised him to change his plea without looking at the search warrant and affidavit.

■ A motion to withdraw a plea of guilty under section 1018, Penal Code, must be supported by a strong showing by defendant of "good cause" (*People v. Cruz,* 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]) by "clear and convincing evidence" of a proper ground. (*People v. Superior Court (Barke)* 64 Cal.App.3d 710, 716 [134 Cal.Rptr. 704].) ■ Granting such a motion made by defendant who entered his plea with counsel, is discretionary with the court (*People v. Cruz,* 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]) and we will not disturb the court's ruling in the absence of a clear demonstration of abuse of discretion. (*In re Brown,* 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].) Further, "appellant must show that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates. In addition, appellant must establish that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense." (*People v. Pope,* 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859], mod. 24 Cal.3d 71a.) We note that at no time during the change of plea proceeding or since, has defendant ever asserted his innocence of the charge of possession for sale of in excess of one-half ounce of heroin, nor does he do so now. The record shows he entered his plea of guilty because in truth and in fact he is guilty. Further, he has always contended he was addicted through use of heroin. After discussing the case with defendant, the district attorney and Judge Munnell in chambers, Mr. Lerman worked out an agreement whereby defendant, who was charged with possession for sale of heroin (exceeding one-half ounce) and possession for sale of cocaine, would withdraw his pretrial motions, withdraw his plea of not guilty to the first count and enter a plea of guilty thereto in return for which the court would refer him to department 95 to afford him the opportunity for commitment to CRC, entertain an

---

[6]From the beginning of the case, Judge Munnell had before him the criminal proceedings. He heard the change of plea, was familiar with Mr. Lerman's notices of pretrial motions including his declarations and points and authorities on file, defendant's notice of motion to vacate plea supported by declaration, copy of search warrant and affidavit and points and authorities, and defendant's complaints of Mr. Lerman's representation.

argument in support of striking, and possibly strike the one-half ounce allegation, and dismiss count II (possession for sale of cocaine). Appellant does not claim any defect in the plea itself, and the record establishes there was none. As to Mr. Lerman's representation, defendant advised the court of his addiction, that he had told Mr. Lerman all of the facts of the case he knew, that Mr. Lerman had explained his constitutional rights, the proof required of the People to convict him and defenses he had or did not have, that he had ample time to talk to Mr. Lerman, and that he fully understood his constitutional rights and the proposed plea bargain and admitted he did possess heroin for sale in excess of one-half ounce to support his own habit. Ultimately the court referred defendant to department 95, and Judge Sanchez determined him to be an addict and ordered him committed to CRC.

Under the circumstances of this case, this was a most beneficial disposition for defendant, the one he wanted, bargained for and received—the district attorney later referred to it as "too good to pass up," and several times Judge Munnell commented that Mr. Lerman "has done an excellent job for defendant" in obtaining a commitment from the court to refer defendant to department 95. The tactical considerations which led Mr. Lerman to bargain for this disposition, and the reasons it was "too good to pass up" are readily apparent. Defendant was a heroin dealer although he claimed he dealt to support his habit; he also had a serious criminal record which defendant succeeded in keeping quiet until a probation report was filed. Moreover, at the time of plea he had a criminal case also involving heroin pending in a northern California county. Judge Munnell noted that Mr. Lerman believed that if he could obtain a plea bargain whereby the Ios Angeles County Superior Court would commit defendant to CRC, he would be in a far better position later to have defendant committed to the same center by the northern California court which is more conservative in cases of this kind and more likely to send him to state prison. Thus, to avoid a prison sentence in both cases, Mr. Lerman felt the plea bargain was to defendant's advantage. Mr. Lerman's points and authorities in support of motion pursuant to section 1538.5 point up his challenge to the search and seizure under the warrant based on substantially the same grounds urged on this appeal. It cannot be reasonably contended that Mr. Lerman was ignorant of the facts or the law in the case and was not taking diligent steps a reasonably competent attorney would take. ■ In light of the record we can only conclude that his advice to defendant to accept the plea bargain and forgo his motion to suppress, inherently a matter of trial tactics, was the result of an informed tactical choice within the range of

reasonable competence. (*People* v. *Pope,* 23 Cal.3d 412, 415 [152 Cal.Rptr. 732, 590 P.2d 859].)

Even though appellant's position is that the search warrant is invalid for lack of probable cause, and a successful challenge to the warrant would have resulted in all charges against him being dismissed, he has not demonstrated that as a result of Mr. Lerman's advice, a potentially meritorious defense was withdrawn, especially in light of the warrant and supporting affidavit; and we conclude that in withdrawing his motion to suppress, he lost little and gained much by the plea bargain.

█ It is true that an affidavit in support of search warrant must provide probable cause to believe the material to be seized is still on the premises to be searched when the warrant is sought. (*People* v. *Mesa,* 14 Cal.3d 466, 470 [121 Cal.Rptr. 473, 535 P.2d 337].) However, the affidavit shows that both informants spoke with personal knowledge, and they were reliable; that the information given by them was corroborated; that there was such a continuous course of narcotic sales by defendant from the Pivot Street address that the information was sufficiently timely to warrant the belief the material to be seized was still on the premises and that sufficient probable cause existed for the issuance of the warrant. Whatever doubt remains in this case is resolved by the preference to be accorded warrants. (*People* v. *Miller,* 85 Cal.App.3d 194, 201 [149 Cal.Rptr. 204].)

The order is affirmed.

Hanson, J., and Ackerman, J.,* concurred.

A petition for a rehearing was denied October 11, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1979.

---

*Assigned by the Chairperson of the Judicial Council.