[No. F009508. Fifth Dist. Oct. 28, 1988.]

THE PEOPLE, Plaintiff and Respondent.
RUSSELL P. REYES, SR., Defendant and Appellant.

**COUNSEL**

Estelle A. Schleicher, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\*—** ▉▉▉ On appeal following his guilty plea, Russell Patrick Reyes, Sr., challenges the trial court's imposition of a prison sentence. He contends that once civil narcotics commitment proceedings were instituted pursuant to Welfare and Institutions Code section 3051,[1] the trial court lacked jurisdiction to order any disposition other than a commitment to the California Rehabilitation Center (CRC). Respondent counters that the trial court was without jurisdiction to institute civil commitment proceedings to begin with, because sentence had not yet been imposed. For the reasons stated herein, we will agree with respondent and affirm the judgment.

Section 3051 sets up a procedure whereby narcotics addicts can receive treatment for their addiction. Under that section, the defendant is convicted of a crime in superior court or has his or her probation revoked, and the trial court imposes sentence. The trial court then determines whether the defendant may be addicted to narcotics or may be in imminent danger of becoming addicted. Should the court find no addiction problem, the previously imposed sentence is executed. But should the court find that an addiction problem may exist, it determines whether the defendant constitutes a fit subject for commitment to CRC or whether, because of his or her pattern of criminality, he or she is not fit for commitment. If the court determines that excessive criminality exists, civil commitment proceedings are not instituted regardless of the defendant's addiction, and sentence is executed in the criminal case.

If, however, the court finds that the defendant may be addicted or in imminent danger of addiction and the defendant is a fit subject for commitment, execution of sentence is suspended. The trial court then orders the district attorney to file a civil petition for commitment of the defendant to CRC. Upon filing of the petition, the trial court orders the defendant examined by one or, under certain circumstances, two physicians, who in turn issue a written report to the court. If the conclusion of the report is that the defendant is not addicted or in imminent danger of addiction, civil proceedings are terminated and criminal proceedings reinstated, following which sentence is executed in the criminal matter. Should the conclusion of the report be that the defendant is addicted or in imminent danger of addiction, however, a hearing is held in the civil case, following which the court determines whether the defendant is addicted or in imminent danger of addiction. If, after the hearing, the court determines that the defendant is addicted or in imminent danger of addiction, the defendant is committed to

---

\* Before Woolpert, Acting P. J., Best, J., and Stone, J.

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

CRC. If, however, the court determines that the defendant is not addicted or in imminent danger of addiction, civil proceedings are terminated and criminal proceedings are resumed, following which sentence is executed.

We set forth the proper section 3051 procedures in some detail in order to contrast the proceedings in the instant case. Here, Reyes entered his guilty plea in municipal court on July 24, 1987, and the matter was certified to superior court for sentencing. On August 12, the probation officer's report was filed. It indicated that Reyes claimed to have an alcohol and drug problem and that he wanted to receive help in dealing with it. On September 4, at the time set for imposition of judgment, criminal proceedings were suspended and civil proceedings were instituted.[2] Both counsel waived the filing of a formal petition, and a doctor was appointed to examine Reyes and determine if he was addicted or in danger of becoming addicted. On October 23, the doctor filed his report, wherein he concluded that Reyes was addicted or in imminent danger of becoming addicted to heroin and cocaine. The doctor recommended that Reyes be committed to CRC for evaluation and treatment.

On November 5, the trial court concluded that Reyes was addicted or in imminent danger of becoming addicted. It then suspended civil proceedings and resumed criminal proceedings for the purpose of determining the term of confinement. The court noted that the probation officer's report recommended a sentence exceeding six years, which, if imposed, would have disqualified Reyes from CRC pursuant to section 3052, subdivision (a)(2). The court then indicated that it had considered CRC as a possible sentence choice, but it believed it would be abusing its discretion by making such a commitment. The court noted that Reyes's record reflected criminal activity dating back to 1977, including two prior burglaries plus two burglaries in the instant case. Accordingly, it determined "that the Defendant, even if the amount of time was not as much as was recommended, should be excluded as an inhabitual [sic] criminal for excessive criminality." It then denied probation and imposed an aggregate term of six years in prison. Following imposition of sentence, defense counsel asked the court to reconsider committing Reyes to CRC. The court agreed that Reyes needed treatment for his substance abuse problem, but reiterated its finding of ineligibility based on excessive criminality.[3]

Reyes cites numerous cases which hold that (1) once a trial court has exercised its discretion to initiate commitment proceedings pursuant to

[2] We take judicial notice of the civil proceedings (Super. Ct. Tulare County, 1987, No. 9728).

[3] The minute order of November 5 in No. 9728 states: "Court finds respondent is in danger of becoming an addict; court does not intend to commit respondent to CRC because the term to be imposed would cause him to be excluded." However, it is clear from the reporter's transcript that Reyes was not committed due to the finding of excessive criminality.

section 3051, it is without jurisdiction to proceed in the criminal case until the civil proceedings have been properly terminated; and (2) the court in the civil commitment proceedings has no jurisdiction to determine the question of excess criminality. (See, e.g., *People* v. *Strickland* (1966) 243 Cal.App.2d 196, 199 [52 Cal.Rptr. 215]; *People* v. *Gonzales* (1969) 275 Cal.App.2d 741, 743 [80 Cal.Rptr. 324]; *People* v. *Davidson* (1972) 25 Cal.App.3d 79, 82 [101 Cal.Rptr. 494]; *People* v. *Leonard* (1972) 25 Cal.App.3d 1131, 1135-1136 [102 Cal.Rptr. 435]; *People* v. *Barajas* (1972) 26 Cal.App.3d 932, 938 [103 Cal.Rptr. 405]; *People* v. *Hernandez* (1979) 96 Cal.App.3d 856, 861 [158 Cal.Rptr. 434].) However, insofar as the opinions reflect, these cases all presuppose that commitment proceedings were properly initiated.

Such is not the situation in the case at bench. Section 3051 clearly requires that sentence be imposed before civil commitment proceedings may be instituted. (Cf. *People* v. *Scott* (1984) 150 Cal.App.3d 910, 917 [198 Cal.Rptr. 124]; 2 Witkin, Cal. Crimes (1985 Supp.) Crimes Against Public Peace and Welfare, § 682, p. 115.) Here, although the trial court apparently planned to impose sentence before ultimately determining whether or not to actually commit Reyes to CRC, civil commitment proceedings were commenced in violation of the express provisions of section 3051.

■ "[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].) Where there is no jurisdiction, the act done is void. ■ Accordingly, since here the trial court did not follow the mandates of section 3051 in suspending criminal proceedings and instituting civil ones, said acts were void as being beyond the court's jurisdiction. Hence, the court could properly subsequently determine that, although Reyes was addicted or in imminent danger of addiction, he was not a fit subject for CRC due to his criminal record. ■ A determination that a defendant is not a fit candidate for CRC will not be upset on appeal where, as here, it is supported by the evidence. (*People* v. *Moreno* (1982) 128 Cal.App.3d 103, 107 [179 Cal.Rptr. 879].)

■ Reyes argues that not every failure to follow a statutory procedure is jurisdictional. This argument cuts both ways, since his paramount contention is that the trial court lacked jurisdiction to terminate commitment proceedings once commenced. In any event, in 1980, section 3051 was amended to add the requirement that sentence be imposed prior to the

institution of civil commitment proceedings.[4] Although we are aware of no authority on point, given this very particularized amendment we cannot conclude, as Reyes does, that the trial court's error in putting "the cart before the horse" is of no consequence.[5] Nor can we conclude that the error is not jurisdictional, especially given the procedural mandates of the statute and the harsh outcome that would otherwise be suffered by the People as a result of a trial court's procedural misstep, such as occurred in the instant case.

The judgment is affirmed.

---

[4] Statutes 1980, chapter 822, section 1. Prior to this amendment, civil commitment proceedings could be instituted whether or not sentence had been imposed.

[5] We recognize that the purpose of the amendment was to obviate any equal protection problems between criminal defendants committed pursuant to section 3051 and those sentenced under the Determinate Sentencing Act. Nevertheless, the Legislature's intent is clear: sentence must be imposed prior to the institution of civil commitment proceedings.